# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br>ALEJANDRO PEREZ,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 11cr5684-LAB-1 and 14cv2456-LAB<br><br>**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255** |

Defendant Alejandro Perez was charged with importation of methamphetamine, tried in this Court, convicted by a jury, and sentenced to 120 months' imprisonment, followed by 5 years' supervised release. He took an appeal, which was unsuccessful. He then filed a motion seeking to have his sentence vacated, pursuant to 28 U.S.C. § 2255. Because the motion, files, and record make clear Perez is not entitled to relief, the Court need not order the government to respond or hold a hearing. *See* § 2255(b).

A § 2255 motion is not a substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 164–65 (1982). Issues that could have been presented on direct appeal, but were not, may not properly be brought in a § 2255 motion, unless the defendant shows cause and prejudice. *Id.*, 164–67. And issues raised and decided on direct appeal cannot be relitigated via a § 2255 motion; they are law of the case. *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). This is especially true here, where the appeal was decided by a higher court,

whose decisions bind this Court. *See United States v. Perez*, 538 Fed. Appx. 818 (9th Cir. 2013) (Ninth Circuit's decision in this case).

**Discussion of Claims**

Perez raises three claims. He first argues that his conviction was obtained by means of a coerced confession, and the Court should have excluded it as involuntary. (Mot. at 6.) Second, he argues that the Court erred by instructing the jury that his knowledge could only be proved by circumstantial evidence. (*Id.* at 7.) Third, he argues the evidence presented at trial was insufficient to convict him.[1] (*Id.* at 8.) Finally, he argues that his counsel was generally ineffective, lacked interest in defending him, and should have searched out more evidence. (*Id.* at 9.)

### Voluntariness of Perez's Confession

Perez raised this issue on appeal and lost. The Ninth Circuit reviewed the record and upheld the Court's determination that the confession was voluntary. *See Perez*, 538 Fed. Appx. at 819–20 (affirming Court's finding that Perez's confession was voluntary). Perez's claim brings no new evidence, and relies on no new law, nor does he point to any authority that would permit this Court to reexamine the Ninth Circuit's decision.

### Jury Instructions Regarding Proof of Knowledge

This issue could have been, and was, raised on direct appeal, and Perez lost on this point as well. *Perez*, 538 Fed. Appx. at 819 ("He . . . argues that the district court committed reversible error when it instructed the jury that the element of knowledge could only be proven by circumstantial evidence."), 820 ("Nor was there any error in the jury instructions.")

### Sufficiency of the Evidence

This is a highly generalized claim. For the most part, it consists of arguments that the Court improperly applied unspecified federal rules and statutory law. He also argues that the

---

[1] Perez asserts his innocence, so his claim could be construed as an "actual innocence" claim. But because such a claim involves the presentation of new and reliable evidence (which Perez does not have), *see Shumway v. Payne*, 223 F.3d 982, 990 (9th Cir. 2000), and because an "insufficiency of the evidence" claim is easier to establish than actual innocence, *see Bousley v. United States*, 523 U.S. 614, 623 (1998), the Court liberally construes his as a sufficiency of the evidence claim. *See Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) (courts must liberally construe pro se habeas filings).

government improperly built its case on inadequate evidence. Any errors he thinks the Court made, or misconduct he thinks the government engaged in, could have been raised on direct appeal. Even if he had explained in his motion what errors he thinks the Court made, this claims would be forfeited.

The question of the sufficiency of the evidence was actually decided in this case. (*See* Docket no. 61 (Trial Tr.) at 254:11–255:9.) Perez points to no new evidence, and there is no other reason to reconsider the Court's finding that the evidence was sufficient to convict him. And even if the Court were called on to rule on the question of the sufficiency of the evidence, or of Perez's actual innocence, it would make the same ruling. Furthermore, this claim could have been raised on direct appeal.

**Ineffective Assistance of Counsel**

Perez argues his attorney "failed to challenge numerous issues brought by the government," although he does not identify any. He argues that his counsel should have moved for a mistrial when one of the jury members was excused because of illness. He accuses his counsel of lacking interest in defending his rights, and of failing to present evidence. He says his attorney did not understand the law, and did not understand the evidence or facts of the case. He gives no specific examples of any of these, except to argue that his counsel should have requested fingerprint or DNA samples from the drug packages in his vehicle.

Ineffective assistance of counsel claims are governed by *Strickland v. Washington*, 466 U.S. 668, 697 (1984). Defense counsel are required to perform reasonably under prevailing professional norms. *Id.* at 688. There is no particular set of rules for counsel's conduct, and counsel have "wide latitude" in making tactical decisions. *Id.* at 688–89. The Supreme Court has made clear that courts must indulge a "strong presumption" that counsel are performing effectively. *Id.* at 689. An ineffective assistance claim also requires that the defendant show prejudice. *Id.* at 693–94. This means the defendant must show a reasonable probability that, but for his counsel's unprofessional errors, the outcome would have been different. *Id.* at 694.

After the first day of trial, one of the jurors experienced pain and went to the hospital. The next morning, she reported by phone from the hospital that doctors had told her she had to have her gallbladder removed, and was put on pain medication. After Perez's counsel consulted with him, they agreed to allow the case to proceed with eleven jurors. As required, Perez himself participated in this decision. He was told that he had a right to insist on a jury of twelve, and he, with the consent of his counsel, waived that right on the record both orally and in writing. (*See* Docket no. 61 (Trial Tr.) at 206:1–212:17 (discussion and waiver).) The Court accepted the stipulation pursuant to Fed. R. Crim. P. 23(b)(2).

Perez has made no showing that his counsel's performance with regard to this issue was deficient in any way, and even if he had, he has not shown prejudice.

Perez was apprehended at the San Ysidro port of entry as he drove a rented vehicle from Mexico into the U.S. A narcotics detecting dog alerted to his car, and an officer found a package of methamphetamine, worth about $75,000, under the dash. Perez argues that if his counsel had insisted on fingerprint or DNA testing, the evidence would have been helpful to him, presumably by establishing that someone else packed and hid the drugs. But the government conceded that Perez himself had not hidden the drugs there. The government's theory was that he was working for an organization, that he gave them access to his vehicle so they could hide the drugs there, and then he drove the vehicle with the drugs in it into the U.S. so the drugs could be retrieved and sold. (Trial Tr., 300:8–302:24 (government's closing argument).)  Perez's theory of defense — really, the only one open to him, in view of the fact that he was caught with drugs in his possession — was that someone else put the drugs in his car without his knowledge. (*See id.* at 289:9–290:1 (defense's closing argument, suggesting that someone who knew Perez hid the drugs in his vehicle so that he would unwittingly drive them across the border); 290:2–18 (suggesting that someone who rented the vehicle earlier might have hidden the drugs in the vehicle and abandoned them). Both sides agreed that Perez did not personally pack or hide the drugs, and both sides agreed there would be no DNA evidence of his to be found on the packages,
///

linking them physically to Perez. (*Id.* at 268–1–12 (government's closing argument); 280:22–281:7 (defense's closing argument).)

In other words, under either theory, no one would expect to find his fingerprints or DNA on the packages of drugs. Had Perez's counsel insisted on fingerprint and DNA testing of the drug packages, the absence of Perez's own fingerprints and DNA would not have helped him. Nor is there any reason to suppose that useful fingerprint or DNA evidence was carelessly left there to be found, or that if it was there, that the evidence would be helpful to Perez.

With regard to Perez's argument that his counsel was generally incompetent and did not care about helping him, the record strongly refutes that. He was provided with a vigorous and competent defense. Perez has not overcome the strong presumption of competence, nor has he made out a case that his counsel was ineffective — nor that even if his counsel made errors, he was prejudiced by any of them.

**Conclusion and Order**

For these reasons, the motion is **DENIED**.  Because Perez has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is also **DENIED**. See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED: August 7, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge